By the Court.
 

 The sole question presented in this case is whether there was a common-law marriage between the parties. The essential elements of a common-law marriage in this' state were announced in the case of
 
 Umbenhower
 
 v.
 
 Labus,
 
 85 Ohio St., 238, 97 N. E., 832. The following essential requirements for such a marriage are stated in the syllabus of that case:
 

 “An agreement of marriage
 
 in praesenti
 
 when made by párties competent to contract, accompanied and followed by cohabitation as husband and wife, they being so treated and reputed in the community and circle in which they move, establishes' a valid marriage at common law, and a child of such marriage is legitimate and may inherit from the father.”
 

 So-called common-law marriage contravenes public policy and should not be accorded any favor; indeed, it is quite generally condemned. It is well settled in Ohio that to establish a common-law marriage, all the essential elements of such a relationship must be shown by clear and convincing evidence. The statutes of Ohio contain definite regulations and requirements and prescribe rigid standards to which applicants for marriage license must conform. While these statutory provisions do not of themselves specifically prohibit marriage without the formalities enumerated by those provisions, such informal marriages are seldom
 
 *559
 
 recognized and are held valid by courts only to protect the rights' of innocent persons. In the
 
 TJmbenhower case, supra,
 
 the legitimacy of a child was involved and was an important factor in the decision of that case. Even in such cases, the essential’ elements of such marriage must be established by the degree of proof stated.
 

 In this case, the evidence of the petitioner proved that the parties had cohabited and that they were recognized by those among whom they lived as man and wife. However, in addition to this, it is essential to show an agreement
 
 in praesenti
 
 to become husband and wife, to establish a marriage at common law. No such agreement or intention of these parties was shown to exist when they assumed their relationship, as is required. No statement was made by either of them that they were becoming husband and wife and that they intended to assume a relationship of marriage. On the contrary, they agreed that marriage was not for them and that they did not desire that status. Their conversation at the time they assumed their relationship cannot be construed to constitute a contract of marriage, and their living together was not, therefore, pursuant to any marriage contract. Their action was no more than the most casual beginning of a state of fornication. There is complete failure of proof of an agreement
 
 in praesenti
 
 to enter into the relationship of husband and wife. The petitioner, therefore, failed to establish a relationship as common-law husband of the deceased. So long as common-law marriage has any recognition, the requirements as to proof must be rigidly applied and enforced.
 

 The Probate Court and the Common Pleas Court were right in their finding and conclusions. The judgment of the Court of Appeals is accordingly reversed.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Williams and Matthias, JJ., concur.