REA, APPELLANT; *v.* FORNAN ET AL., APPELLEES; MEYER, APPELLANT.

(Decided November 4, 1939.)

*Mr. Ralph H. Henney, Mr. Mac Lee Henney* and *Mr. M. L. Bigger,* for appellant, Ralph Rea.

*Mr. James R. Spellman* and *Mr. Ray W. Kilbourne,* for appellee, Grace Murnan.

*Mr. Phil S. Bradford,* for appellees, Margaret Lunn and Mary Fallon.

*Mr. Benjamin F. Levinson,* for appellant, Mary Meyer.

GEIGER, J. The plaintiff below began an action in partition, alleging that he is seized in fee simple of an undivided 1/90th of 17 separate tracts of real estate, having inherited the same from the deceased half brother of the plaintiff's decedent. It is alleged that plaintiff's decedent died leaving surviving him certain nieces and nephews, grandnieces and grandnephews as his only heirs and next of kin, whom the petition enumerates in six separate groups. It is alleged that since May 12, 1937 (the date of the death of the decedent, Maurice Patrick Murnan), Grace D. Backenstoe, who claims an interest in the premises, has been in possession and has been collecting rents without accounting therefor. The prayer is for a partition of the premises, that Grace D. Backenstoe be required to set up "what interest, if any, she may have in said premises" and that the same be declared null and void.

An answer was filed by the defendant Grace Murnan, referred to in the petition as Grace D. Backenstoe, in which she alleges that she is the surviving spouse of Maurice Patrick Murnan, who died May 12, 1937, owning certain real estate; that Maurice Patrick Murnan died leaving no parents surviving him, and leaving only the answering defendant, Grace Murnan, as his surviving spouse; that as such she is the only heir at law and next of kin and by virtue of that relationship she inherits from Maurice Patrick Murnan

all the real estate of which he died seized. She prays that the petition for partition be dismissed.

Margaret Murnan Cutcher filed an answer and cross-petition, admitting the allegation of the petition and alleging that she is the granddaughter of Timothy Murnan, a half brother of the decedent, Maurice Patrick Murnan, and that she is entitled to some interest in the real estate, and joining in the prayer of the plaintiff.

Julia Murnan Hurst filed an answer and cross-petition to the same effect.

Margaret Lunn and Mary Fallon filed an answer alleging that Grace Murnan is the sole heir of Maurice Patrick Murnan and asking that the petition be dismissed.

The guardian of Francis Fallon filed an answer alleging that her ward is confined in the Veterans' Hospital on account of mental incapacity, setting up his relationship to Maurice Patrick Murnan, and joining in the prayer of the petition.

Mary Meyer filed an answer stating that she is next of kin of Maurice Patrick Murnan and joining in the prayer of the petition.

The plaintiff, Ralph Rea, for his reply to the answer of the defendant, Grace D. Backenstoe, denied that she is the surviving spouse of Maurice P. Murnan and denied that she is next of kin by reason of such relationship.

The cause came on for hearing before the court and a decree was entered finding that Maurice P. Murnan and Grace D. Backenstoe were married in Flagstaff, Arizona, in July, 1915, and that subsequent to that marriage they each acknowledged that they were husband and wife by certain acts they each performed.

The decree further finds that Maurice P. Murnan died intestate on May 12, 1937, and that he left Grace D. Murnan as his surviving spouse and only heir at

law and next of kin, and by virtue of that relationship she inherits from him all the real estate of which he died seized. It was ordered that the petition for partition be dismissed. To this order of the court Ralph Rea gave notice of appeal on questions of law.

Mary Meyer likewise gave notice of appeal on questions of law.

The assignment of errors by the plaintiff, Ralph Rea, and the defendant, Mary Meyer, may be combined and summarized as follows:

That the court erred in rendering judgment in favor of Grace Backenstoe Murnan and in granting final judgment at the close of the defendant's case and before plaintiff had been given an opportunity to offer any evidence; that the action of the court has resulted in violation of constitutional rights; that the court erred in refusing to permit appellants to offer any evidence; that the decision is not sustained by the evidence and is contrary to law; and that the court erred in overruling motion for new trial.

A bill of exceptions was filed which presents the procedure and makes clear the questions for our examination. The bill discloses that before any evidence was taken the court stated that it was his understanding that it would not be necessary to establish the relationship of the various persons to the deceased or their right to participate to the extent they claim "subject however to the issue as to whether or not Grace D. Backenstoe is the widow of the deceased." This was stipulated.

Counsel for plaintiff stated that the only issue was the relationship of Grace Murnan which she asserts and plaintiff denied, and that therefore she must first proceed. To this the court assented, stating, "I think that is right; that is the sole issue in the case; you set it up and they deny it. And the court holds that the opening and closing should be upon Grace D. Backenstoe."

The court further stated, addressing counsel for Grace D. Backenstoe: ''Well, if you introduce testimony of a formal marriage, of course the burden would be upon the other side to show that she was not competent to be married because she wasn't divorced.''

And the court further stated that if testimony was offered as to the formal marriage, and it was claimed that she was not competent to marry, that fact was for the plaintiff to establish. It further stated:

''I state this as a rule of law now, if they establish a legal marriage between this woman and Pat Murnan it is up to the other side to establish that she was not a *femme sole* and could not marry. * * * If somebody claims it was a void marriage, let them prove it; that is all there is to that.''

Thereupon evidence was introduced which it is not necessary to recite in detail for the reason that the solution of this case does not depend upon the weight of the evidence or the finding of the court as to facts, but it must be determined whether the court erred in certain procedural matters which are later developed. Evidence was introduced to the effect that in 1915 the parties contracted marital relations in Flagstaff, Arizona, and since that time they have by frequent acts held themselves out as husband and wife both by oral declarations and by the fact that they joined in certain deeds, each releasing dower estate in the property of the other, and the evidence discloses one deed from Patrick Murnan in which it is recited that for good and valuable considerations to him paid ''by Grace Murnan (wife of grantor)'' certain real estate is conveyed to her. Certain other evidence is introduced touching joint bank accounts and the habits of the two in their relations with each other.

We do not have the question before us as to whether the evidence establishes the marital relations between the parties, or fulfills the rather stern requirements laid down in *Umbenhower* v. *Labus,* 85 Ohio St., 238,

97 N. E., 832, and *In re Redman,* 135 Ohio St., 554, 21 N. E. (2d), 659, in which the court determined the facts and degree of proof necessary to establish a common-law marriage. We have for consideration solely a procedural question.

After the defendant, Grace Murnan, had rested, the plaintiff, through his counsel, stated:

"We want to make a motion for a judgment upon the pleadings. There is no evidence of any marriage here, either legal or according to statute or according to the requirements of common-law marriage."

Thereupon, after argument, the court said: "Now if the motion is overruled, * * * how long do you want to present your case?" Counsel for plaintiff replied in substance that they had quite a number of records showing that the parties had repeatedly signed themselves as single and unmarried and they had other evidence which would go to show a condition that would make it necessary that at some time subsequent to 1920 an actual agreement to marry would have to be established. To which the court replied:

"All right, I will look the cases up over night and take your testimony in the morning. You will have your testimony here all ready to go on in the morning?"

Counsel answered, "Yes."

At a subsequent hearing counsel for Grace Murnan moved for a judgment on the answer and evidence on the ground that it was clear and conclusive that the defendant, Grace Murnan, was the spouse and only heir at law of M. P. Murnan, deceased. The court inquired, "Motion on the pleadings?" Counsel replied: "On the pleadings and the evidence." The court, in spite of former intimation that evidence would be heard tending to disprove the marriage, stated that upon the motion of the plaintiff for judgment and the motion of the defendant, Grace Murnan, for judgment on

the pleadings and evidence, the court found that there was a valid marriage, etc., and that "any evidence introduced by the plaintiff will not be considered by the court because of the finding that there was a valid marriage as of the date of July, 1915. * * * The petition for partition is dismissed at the cost of the plaintiff." At this point Mr. Levinson, attorney for Mary Meyer, defendant, stated: "Just a moment; for the purpose of the record, on behalf of Mary Meyer, one of the defendants here, we except to a decision because we made no motion for judgment on the pleadings." There was then discussion as to whether Levinson had joined in the motion and the court stated: "I do not care who made the motion; it came from your side of the table." To which Mr. Levinson replied: "I want the record to show we do not make any motion—we were denied any right to offer any evidence." The court replied: "Save your exception, the court having decided that there was a legal marriage at Flagstaff, Arizona, as evidenced by the testimony of the witness Byers, holds that any evidence of any future conduct of the parties is incompetent and finds that there is a valid marriage; that they were husband and wife and that she as his sole heir had a right to all his property." Counsel for plaintiff reserved an exception on the grounds that the court's order was a violation of his constitutional rights.

The procedural question arises from the motion by plaintiff for a judgment upon the pleadings for the reason that there was no evidence of any marriage, and the motion made at a subsequent hearing, for judgment on the answer and evidence, on the ground that it was clear and conclusive that the defendant was the spouse of Murnan. In these motions Mary Meyer claims not to have joined.

The situation thus disclosed invites our attention to the statutes and decisions in reference to the effect

of motions made by parties for judgment on the pleadings or after the evidence has been introduced in part or in whole.

Section 11420-1, General Code, providing the procedure for trial by jury, which likewise applies to the trial by the court, requires that the party who would be defeated if no evidence was offered on either side must produce his evidence and the adverse party must then produce his evidence and the parties shall be confined to rebutting evidence, etc.

There are a number of cases which bear directly or inferentially upon the question. These will be referred to briefly, with full realization that they do not all apply to the exact question here presented. Where there is a manifest difference we will point it out by appropriate italicization.

*First National Bank* v. *Hayes,* 64 Ohio St., 100, 59 N. E., 893.

"Where, at the *conclusion* of the evidence in a case, each party requests the court to instruct the jury to render a verdict in his favor, the parties thereby clothe the court with the functions of a jury, and where the party whose request is denied, *does not thereupon* request to go to the jury upon the facts, the verdict so rendered should not be set aside by a reviewing court, unless clearly against the weight of the evidence." (Italics ours.)

In *Strangward* v. *American Brass Bedstead Co.,* 82 Ohio State, 121, 91 N. E., 988, it is held in effect that a motion by each party in a jury case to direct a verdict *on the pleadings, made before evidence is offered,* is a waiver of jury trial and a submission of the case to the court and the party cannot as of right, after his motion has been overruled, and that of the other party sustained, give evidence in support of his case. See *Perkins* v. *Comm. of Putnam County,* 88 Ohio St., 495, 103 N. E., 377.

The case of *Nead* v. *Hershman,* 103 Ohio St., 12, 132

N. E., 19, 18 A. L. R., 1419, holds that where a motion by defendant for a directed verdict is made at the close of the plaintiff's testimony and overruled and then renewed at the close of all the testimony followed by a like motion on the part of the plaintiff, and the court passes on the latter motion first, sustaining it and then overruling the defendant's motion, and the defendant requests the withdrawal of his motion and the submission of the case to the jury, there being a jury issue, the refusal of the court to submit the issue to the jury under proper instructions is error.

In the case of *P. C., C. & St. L. Ry. Co.* v. *Luthy, Admr.*, 112 Ohio St., 321, 147 N. E., 336, it is held that where at the close of *all the evidence* a motion is made by defendant for directed verdict and thereupon a like motion is made by the plaintiff, and the court without passing upon the defendant's motion announces that the plaintiff's motion is sustained, and immediately without affording defendant any opportunity whatever to request the withdrawal of his motion and a submission of the case to the jury, directs the jury to return a verdict for the plaintiff, it appearing that there were disputed questions of fact, such action constitutes error prejudicial to the defendant, warranting a reversal of the judgment based upon a verdict so returned. See especially statements of Judge Matthias at page 327.

The latest decision of the Supreme Court which has been drawn to our attention is that of *Buckeye State Bldg. & Loan Co.* v. *Schmidt*, 131 Ohio St., 132, 2 N. E. (2d), 264, the syllabus of which may be summarized, with our italicization.

Counsel waive the right to have the jury pass on questions of fact where, *at the close of all the evidence in a jury case,* plaintiff moves for directed verdict and defendant moves for judgment *without any reservations,* whereupon the trial judge announces he will dispose of the case and both counsel then submit the case

to the court on the merits, and at the conclusion of the argument defendant indicates an intention to withdraw his motion, but does nothing. A motion filed eight days thereafter by defendant asking the court for a separate finding of facts and conclusions of law, and in the event such ruling is unfavorable reserving the right to have the case submitted to the jury, comes too late, insofar as the reservation is concerned, and upon the overruling of the motion the court properly denies the application to have the case submitted to the jury.

In this case all the cases pertinent are cited.

The case stresses the point that there was no timely reservation of the right to have the case submitted to the jury. Such is not the fact in the case at bar where there appears not only to have been a timely statement of intention of the plaintiff to introduce evidence, but also a seeming acquiescence upon the part of the court.

The Supreme Court in that case reversed the Court of Appeals upon the point of timely reservation only.

In the unreported case of *Schmidt* v. *Building & Loan Co.*, decided by this court on the 22nd day of November, 1935, the opinion being by Judge Hornbeck, the question is analyzed in a very complete and interesting discussion.

In *City of Canton* v. *Pryke*, 5 Ohio App., 364, it is held that when on the trial of an action to a jury a motion for a directed verdict is made by the defendant at the close of the plaintiff's evidence, and the plaintiff joins in the motion asking for a directed verdict in favor of plaintiff, such motion by the plaintiff is not a submission of the cause to the court and it is error for the court to sustain the same unless the defendant has declined to offer any evidence and has rested his case. A motion by the plaintiff for a directed verdict acts as a submission of the entire case, *only when it is made at the close of all the testimony.*

The court states on page 366:

"A motion by the defendant to direct a verdict at the close of plaintiff's case is not a submission of the defendant's case, and cannot be made so by the plaintiff's joining in such motion. * * * His joining in defendant's motion does not change the nature of it. It is still a motion testing the sufficiency of the plaintiff's evidence and is in no wise a submission of defendant's case."

And on page 367:

"A case cannot be submitted and adjudicated on the submission of one side only. If it is submitted on the evidence, it must be submitted on the whole evidence, and the record must so show. * * * It was only necessary to show that the defendant has evidence to offer, or, if it had none to offer, that it rested its case. This the record does not show and the court erred in directing a verdict for plaintiff, and in entering judgment thereon without such evidence having been offered."

We think this case is of major importance.

In *Yappel* v. *Mozina,* 33 Ohio App., 371, 169 N. E., 315, it is held that where both plaintiff and defendant made a motion for a directed verdict, the case was triable to the court, notwithstanding the case was a jury case and the court must be the judge of law and fact. It appears on page 378 that the "whole record" was submitted to the court.

See also 39 Ohio Jurisprudence, 877 and 878, Sections 220 and 221.

How stands the case at bar? The party upon whom the burden rested introduced evidence tending to show that there was a marital relation either by statutory marriage in Arizona or a common-law marriage established by their acts. Thereupon the plaintiff having the burden of overcoming this evidence, made a motion for a judgment on the ground that the marital relation had not been established. This was

simply a demurrer to the evidence and did not in any way take from the party the right to introduce evidence controverting the evidence introduced by the party seeking to establish the marital relation.

The court in discussing the matter senses some of the defenses that might be introduced in stating that the woman must have been free to contract marital relations which would necessarily involve the question as to the validity of her former divorce. The same situation applies to the man. He may not have been in a position to assume marital relations by reason of a former marriage and a living wife. Or it may be that the plaintiff and opposing defendants could prove that the parties had been divorced prior to the death of Murnan. However improbable this may be, and however strong the evidence may be that there was a marriage either in Flagstaff, Arizona, or by such conduct as would establish it as a common-law marriage, yet those opposing the marriage clearly had a right to proffer their evidence, whatever it might be, and the court was under obligation to consider such evidence.

While the cases cited relate largely to motions made in cases involving jury trials, yet we see no reason why the rule should be different in a case triable to the court. The parties have a right to produce their evidence. The court, however, in a summary manner, as appears from the record, denied that right even while the parties were seeking to offer their evidence. The court by this action clearly deprived appellants of their constitutional and statutory rights.

The judgment is reversed and the cause remanded for further proceeding.

*Judgment reversed and cause remanded.*

Hornbeck, P. J., and Barnes, J., concur.