**REA v FORNAN et.**

Ohio Appeals, 2nd Dist, Franklin Co

No 3295. Also, Nos 3300, 3301, 3302

Decided Feb 25, 1941

M. L. Bigger, Columbus, and Ralph H. Henney, Columbus, for plaintiff.

Ray W. Kilbourne, Columbus, for defendants.

Benjamin F. Levinson, Columbus, for defendant, Mary Mayer.

**OPINION**

By GEIGER, PJ.

This cause had its inception in the Court of Common Pleas in a case wherein Ralph Rea, plaintiff, brought an action against Margaret Fornan, and others, in which he alleged that he was an heir-at-law of Maurice Patrick Murnan and sought a partition of seventeen tracts of real estate, asserting his interest and the interest of his tenants in common, who, he alleged, were heirs of the said Maurice Patrick Murnan.

The petition prays for a partition of the real estate and an accounting of rents and profits by Grace D. Murnan, one of the defendants, who had collected rents from the estate of Maurice Patrick Murnan to the time the petition was filed.

The court upon hearing found that Maurice Patrick Murnan and Grace D. Murnan had been married and were husband and wife at the time of the death of Maurice Patrick Murnan, and, he having died intestate, that she inherited as his heir-at-law all of the real estate in question, and the court dismissed the petition for partition.

Thereafter, the case was carried to the Court of Appeals which, in a decision rendered on the 4th day of November, 1939 (**Rea v Fornan et, 62 Oh Ap 385**) reversed the Court of Common Pleas on the ground that the decision of that court was rendered upon a motion for judgment without affording an opportunity to the plaintiff and other tenants in common, claiming as heirs of Maurice Patrick Murnan, to present evidence which they offered to produce tending to show that Maurice Patrick Murnan and Grace D. Murnan were as a matter of fact not husband and wife, and that, therefore, Grace D. Murnan had no interest in his real estate and that the same belonged to the heirs-at-law of Maurice Patrick Murnan as enumerated in the petition.

Thereafter, the cause was again tried upon the issues before the Common Pleas Court which, by an entry filed August 22, 1940, found that Maurice Patrick Murnan died intestate, seized in fee of the real estate, and that he left surviving him as his only heirs-at-law and next of kin the plaintiff, Ralph Rea, and the other parties enumerated in the petition; that Grace D. Murnan, known also as Grace D. Backenstoe, had since the beginning of the action died testate, leaving certain persons as her only heirs-at-law, and that Raymond W. Kilbourne was duly appointed as her executor; that Grace D. Murnan, or Grace D. Backenstoe, was not the

widow; that she was not married during her lifetime to said Maurice Patrick Murnan and was not his surviving spouse; that her heirs-at-law have no interest in any of the property of which said Maurice Patrick Murnan died seized.

It was by the court ordered that the claims of said Grace D. Murnan and her executor and her various heirs-at-law to the real estate be denied and dismissed, and that the title to said real estate be quieted against her and her heirs, and that they be enjoined from setting up any claim adverse to the title of the plaintiff and defendants alleged to be heirs-at-law of said Maurice Patrick Murnan.

The court finds that the plaintiff and the defendants named are tenants in common in the real estate described in the proportions therein set out and ordered that partition of said real estate be made in their favor, and that appraisement thereof be made and a writ of partition issue to the sheriff.

The court also finds that Grace D. Murnan after the death of Maurice Patrick Murnan and up to the time of her death on November 16, 1939, collected rents from the real estate described in the petition to the amount of $29,786.61; that the expenses incident thereto amounted to $10,230.59, and that a reasonable fee of $1500.00 is allowed to Grace D. Murnan for the management of the estate during her life after the death of Maurice Patrick Murnan, leaving a balance amounting to $18,056.02 due from the estate of Grace D. Murnan for which judgment and execution are awarded; that since the death of Grace D. Murnan and until the 5th of August, 1940, certain other rentals had been collected by the executor who is entitled to a proper commission therefor, the administrator being ordered to pay the balance to the clerk of the court.

The entry provided that if either the administrator of the estate of Maurice Patrick Murnan or the executor of Grace D. Murnan be required to give a bond for an appeal herein upon the questions of law and fact such bond is fixed at $1000.00; that in the event of an appeal by any of the heirs-at-law under the will of Grace D. Murnan be taken that the bond should be in the sum of $1000.00, to all of which orders proper exceptions were taken. Various motions for new trial were filed and overruled on the same day that the entry above alluded to was filed by the court.

A notice of appeal to the Court of Appeals was given by R. W. Kilbourne, executor of the estate of Grace D. Murnan, from the judgment rendered on the 22nd day of August, 1940, and also from an order overruling the appellant's motion for a new trial, which order was made on the 22nd of August, 1940, and also from conclusions of law and fact findings made by the judge. Such appeal is on the question of law and fact. This appeal was filed in this court as No. 3295.

A like appeal from said order was filed by three separate groups claiming as heirs of Grace D. Murnan. These appeals were severally numbered in this court Nos. 3300, 3301, and 3302. In each of these separate appeals there was a finding by this court that the clerk has prepared a transcript and filed the same with the original papers in the first case appealed by Kilbourne, executor, No. 3295, and that it will unnecessarily encumber the record to require all said papers to be filed in each of the other cases. It is ordered that the transcript of the docket and journal entries and original papers in said cause No. 154,482, in the Court of Common Pleas, filed in case No. 3295, be considered as filed in each of the separate appeals. No bill of exceptions appears to have been allowed.

A document endorsed proceedings and testimony before Honorable Edward C. Turner, Monday, August 6, 1940, is found, but the same relates exclusively to the question of the funds alleged to have been collected by Grace D. Murnan after the death of Maurice Patrick Murnan and now in the hands of the executor of Grace D. Murnan.

The matter presented in this document is largely made up of colloquy between the attorneys and the court and testimony by Kilbourne, as executor of Grace D. Murnan, touching the collections made by her during the interim between the death of Maurice Patrick Murnan and her own death.

On the main question as to whether Maurice Patrick Murnan and Grace D. Murnan were husband and wife at the time of the death of Maurice Patrick Murnan, no evidence or memorandum or agreement appears on file, though we may have overlooked the same. The original action, being one for partition and for an accounting, both issues were equitable and ▇▇▇▇▇▇▇ ▇ reviewable on questions of law and fact with a right to the parties to a de novo trial in this court and under the statute and the rules prescribed by the court.

## MOTION TO DISMISS APPEAL.

Ralph Rea and Mary Mayer, appellees, move for an order dismissing the appeal on law and fact.

(1) That it is apparent upon the face of the record that the appeal was not perfected as required by §12223-6 in that the judgment was rendered in favor of the plaintiff upon an accounting in equity in the sum of $18.056.02; that the bond, by the order of the court at the request of the appellants, was for $1000.00, plainly contrary to the mandatory provision of said section.

(2) That the appellants have failed to file a bill of exceptions within the time required by law and have failed to file an assignment of error as provided by Rule VII.

It is asserted that this court has no jurisdiction to hear the appeal on questions of law and fact or upon questions of law. The record discloses the fact that the executor did not file any bond, but the other groups appealing filed bonds in the sum of $1000.00 as ordered by the court. Sec. 12223-6 provides that, except as provided in §12223-12, no appeal shall be effective as an appeal on questions of law and fact unless and until the order appealed from is suspended by a bond in the amount and with the conditions as thereafter provided for and unless the same be filed at the time the notice of appeal is required to be filed, which time is fixed by §12223-7 as 20 days, provided that when a motion for new trial is filed by either party then the time of perfecting the appeal should not begin to run until the entry and order in reference to the new trial.

Sec. 12223-9 provides that no appeal shall operate as a stay of execution unless a supersedeas bond be executed on the part of the appellant with sufficient surety in such sum, not less than the amount of judgment and interest, as is directed by the court making the order which is sought to be superseded.

Sec. 12223-10 provides that before the bond shall operate as a stay its execution and the sufficiency of sureties must be approved by the court.

Sec. 12223-12 provides that executors acting in their respective trust capacities, who have given bond, shall not be required to give the bond mentioned in §12223-9.

The executor in this case gave no bond; he was relieved from such requirement by the provision of §12223-12. The other appellants gave bonds in compliance with the order of the court, each in the sum of one thousand ($1000.00) dollars. There was no judgment against them other than for costs. As to them, the judgment of the court was not a judgment for money.

As to the appellants, who were the heirs of Grace Murnan, they were not required to give a bond based upon the amount of the judgment against the executor, but a bond was required by the court to be given and was given under other appropriate sections providing for appeal bonds.

We, therefore, are of the opinion that the objections asserted by ▇▇▇▇▇▇ ▇ appellees in reference to the bonds are not well

taken. and that the case should not be dismissed for this reason.

The second reason given is that the appellants have failed to file a bill of exceptions within the prescribed time required by law and have failed to file an assignment of errors. ██ This case being an appeal upon law and fact no bill of exceptions is required in order to perfect the appeal. If the court should find that for any reason the case may not be tried in this court de novo, the court may, under §§12223-22 and 11564, allow thirty days in which to file a bill of exceptions. This thirty days does not begin to run against the appellants until the court has determined that they may not try the case in this court de novo. The lack of a bill is not ground to dismiss the appeal.

Rule VII, which appellees claim is violated, has reference to appeal on questions of law and does ██ not control where the appeal is on questions of law and fact. The parties may agree that the evidence taken in the court below shall be the evidence to be considered by this court with such additional evidence as the parties may desire. If it becomes necessary to take additional testimony, it will have to be taken before a referee unless counsel agree otherwise.

It appears to us that notice of appeal has been properly given in a chancery case and a proper bond given which is sufficient to perfect the appeal.

Motion to dismiss appeal overruled.

BARNES & HORNBECK, JJ., concur.