880 F.2d 864
 26 Soc.Sec.Rep.Ser. 300, Unempl.Ins.Rep. CCH 14795A
Joan M. SMITH-WILKINS on Behalf of Ericka HERTZER and Jamie
Hertzer, Plaintiff-Appellee,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 No. 88-3199.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 24, 1989.
Decided May 18, 1989.
 
 William M. Culbert, Toledo, Ohio, J. Miles Gibson (argued), Gus Robbins-Penniman, Gibson & Robbins-Penniman, Columbus, Ohio, for plaintiff-appellee.
 Thomas A. Karol, Office of the U.S. Atty., Toledo, Ohio, Michael C. Messer (argued) Asst. Reg. Counsel, Chicago, Ill., for defendant-appellant.
 John Zinkand, Fremont, Ohio, amicus curiae.
 Before KRUPANSKY and WELLFORD, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Secretary of Health and Human Services appeals from a decision of Magistrate James G. Carr which granted Mother's and Stepchildren's insurance benefits to the plaintiff-appellee. The issue in this case is whether the plaintiff had a common-law marriage with the deceased wage earner, David R. Wylam, on whose account the plaintiff seeks benefits for herself and her two children. The Secretary determined that there was no common-law marriage, after a contested hearing.
 
 
 2
 On August 3, 1984, the plaintiff-appellee, Joan M. Smith, filed an application for Mother's Insurance Benefits for herself and a separate application for Children's Insurance Benefits on behalf of her two children, Erica and Jamie. On September 5, 1984, an initial determination was made that a valid common-law relationship existed between Smith and the deceased, and benefits were awarded accordingly.
 
 
 3
 An application for child's insurance benefits was also filed, however, by Susan M. Hoffman, the former divorced wife of Wylam, on behalf of their minor child, Amy Wylam. An award certificate was issued awarding benefits to Amy in October of 1984. In November, Hoffman challenged the status of Joan Smith as common-law wife of the deceased, David Wylam. Absent such a finding of a recognized common-law relationship, Amy would be entitled to an increase in benefits of $210.00 per month as Wylam's minor daughter.
 
 
 4
 After a contested hearing, the administrative law judge (ALJ) in a published decision held that Joan Smith was not the widow of the deceased, and therefore her children, Erica and Jamie, were not stepchildren of the deceased, and were not entitled to social security benefits on Wylam's account. It was the opinion of the ALJ that no common-law marriage existed between Smith and the deceased.
 
 
 5
 The Appeals Council denied Smith's request for review, and the ALJ's decision became the final decision of the Secretary. Smith then filed her complaint seeking benefits and the magistrate granted Smith and her children the relief sought. This decision to treat Smith as a widow of the deceased, making her children eligible for benefits, has been appealed by the Secretary. A brief was also filed on behalf of Amy Wylam in support of the Secretary's position.
 
 
 6
 The issue is whether the ALJ's conclusion that Smith had produced no clear and convincing evidence of a common-law marriage with the deceased was supported by substantial evidence. We conclude that the decision of the Secretary was so supported; accordingly, we reverse.
 
 
 7
 The findings of the Secretary must be accepted as conclusive by this court if they are supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The issue before the district court was whether the Secretary had reasonably determined that Smith had not produced clear and convincing evidence of the alleged common-law marriage. We conclude that the magistrate erred by reviewing the evidence de novo to decide that his view of the evidence established that Smith and Wylam were married under Ohio law. We have held that courts should review the Secretary's findings to determine whether there is substantial evidence to support those findings before reevaluating that evidence. Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 244 (6th Cir.1987). The district court's determination that the ALJ's decision was not supported by substantial evidence is a conclusion of law, on the other hand, and is subject to de novo review by this court.
 
 
 8
 In its evaluation of the arguments regarding the substantiality of the evidence proffered by counsel for the respective parties, this Court remains mindful that "an administrative decision is not subject to reversal merely because substantial evidence would support an opposite decision." See Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir.1984)).
 
 
 9
 Atterberry v. Secretary of Health & Human Services, 871 F.2d 567 (6th Cir.1989).
 
 
 10
 Smith had the burden in support of her claim to prove the elements of a common-law marriage by clear and convincing evidence under Ohio law. Nestor v. Nestor, 15 Ohio St.3d 143, 472 N.E.2d 1091 (1984). The Secretary's regulations acknowledge that common-law marriages may be a valid basis for entitlement to benefits when such marriages are valid under the laws of the state in which the wage earner was domiciled. 20 C.F.R. Sec. 404.723. The regulations set out the evidence which will usually be accepted as sufficient by the Secretary to establish such a marriage. See 20 C.F.R. Sec. 404.726. Smith produced statements from three of Wylam's relatives. Wylam's father and grandmother said they did not think Wylam and Smith were married. Wylam's mother said she thought they were married, but only because they lived together and planned to be married. The ALJ could have reasonably determined from this evidence that Smith failed to meet the regulatory standard of common-law marriage, and particularly failed to establish the marriage under Ohio law by clear and convincing evidence.
 
 
 11
 Both Smith and Wylam filed federal income tax returns in which they stated they were not married. Moreover, Smith failed to list herself as Wylam's widow when she was the informant on his death certificate. Finally, Smith stated that she and Wylam planned to get married, but were waiting until they could afford a large celebration. They listed themselves as single on the marriage license application, and Smith did not mention a purported marriage to Wylam on a later marriage license application she completed after Wylam's sudden and unexpected death.
 
 
 12
 Common-law marriages are disfavored in Ohio. Nestor v. Nestor, supra. A necessary requirement to establish a common-law marriage is clear proof of an agreement in praesanti. See Dibble v. Dibble, 88 Ohio App. 490, 100 N.E.2d 451 (1950). This element requires an express agreement or acknowledgement by the parties that they are married. There was evidence to support the Secretary's view that Smith had not fulfilled her burden in that regard. Smith's reliance on an October 1982 "rubber band ceremony" as evidence of an agreement in praesanti is unsupported, because at the time both Smith and Wylam were legally married to other persons. She and Wylam never purported to repeat vows of marriage after that date, except in a rehearsal for their forthcoming marriage. Nestor holds that words spoken in rehearsal do not necessarily constitute the requisite intent. 472 N.E.2d at 1091.
 
 
 13
 Nestor v. Nestor recognized a valid common-law marriage under very different circumstances from those present in the instant case. Ohio cases are consistent in holding common-law marriages to be disfavored; they are recognized to exist only when there are compelling reasons. Nestor, 472 N.E.2d at 1094; In re Redman, 135 Ohio St. 554, 21 N.E.2d 659 (1939); Dibble v. Dibble, 88 Ohio App. 490, 100 N.E.2d 451, 462 (1950). The ALJ was not in error and had evidentiary support for his view that there was a lack of evidence to support a common-law marriage between Smith and Wylam.
 
 
 14
 The ALJ carefully considered the evidence and wrote a thorough and detailed opinion explaining why he found, on the evidence before him, that a common-law marriage did not exist. Although Smith did produce evidence in favor of her claimed common-law marital relationship, the ALJ's decision is supported by substantial evidence.
 
 
 15
 We REVERSE the award of benefits to claimant Smith and her two children, accordingly.