MULLINS, Appellee,

v.

MULLINS, Appellant.

[Cite as *Mullins v. Mullins* (1990), 69 Ohio App.3d 167.]

Court of Appeals of Ohio,
Paulding County.

No. 11–89–8.

Decided Aug. 16, 1990.

*Patrick H. Young,* for appellee.

*Cook & Troth* and *Glenn H. Troth,* for appellant.

THOMAS F. BRYANT, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Paulding County.

On October 29, 1985, the Court of Common Pleas of Paulding County granted a divorce to appellee, Cloie H. Mullins, from appellant, Ray Junior Mullins.

Appellant, on February 14, 1989, filed his motion that appellee be cited for contempt of court for her failure to notify the court of her common-law remarriage as required by the terms of her divorce decree, claiming she held that status pursuant to the provisions of R.C. 3105.12.

By his motion, appellant requested an order terminating his obligation to pay alimony and, at the close of the evidence at hearing, sought in the alternative a reduction in the amount of alimony to be paid, should it not be terminated entirely.

On February 14, 1989, a hearing was held on appellant's motion. As a result of that hearing, a judgment entry was filed on April 5, 1989 stating in part:

"1.  That the Judgment Entry filed herein on October 29, 1985 granting plaintiff a divorce and incorporating the agreement of the parties provides that the defendant's alimony obligation 'shall terminate in the event that the Wife should remarry or in the event of Wife's death.'

"2.  That the Judgment Entry of October 29, 1985 also provides: 'In consideration of the alimony and the property settlement herein made, the Wife waives any right to any claim against said retirement benefits.'

"3.  That the defendant has failed to establish that the plaintiff and Donald Gustwiller ever entered into a mutual agreement to marry *in praesenti* or that they held themselves out as man and wife within the community, except perhaps in one isolated incident with reference to the plaintiff's eligibility for insurance coverage under Mr. Gustwiller's insurance provided through his employer;

"4.  That the defendant has failed to establish all of the necessary elements of a common law marriage between the plaintiff and Donald Gustwiller;

"  *  *  *

"7.  That by express provision of the Judgment Entry herein of October 29, 1985, the alimony herein was at least in partial consideration of the property settlement of the parties with reference to the retirement benefits to be received by the defendant and is not modifiable by the Court  *  *  *."

Ray Junior Mullins now appeals from that judgment, asserting two assignments of error. The first assignment of error is:

"The judgment of the trial court was against the manifest weight of the evidence in its finding that the essential elements of a common-law marriage were not established."

R.C. 3105.12 states:

"Proof of cohabitation and reputation of the marriage of the parties is competent evidence to prove such marriage, and within the discretion of the court, may be sufficient therefor."

The Ohio Supreme Court in *Nestor v. Nestor* (1984), 15 Ohio St.3d 143, 146–147, 15 OBR 291, 293–294, 472 N.E.2d 1091, 1094–1095, sets forth the necessary elements and standard of proof required for demonstration of a common-law marriage:

"The fundamental requirement to establish the existence of a common law marriage is a meeting of the minds between the parties who enter into a

mutual contract to presently take each other as man and wife. The agreement to marry *in praesenti* is the essential element of a common law marriage. Its absence precludes the establishment of such a relationship even though the parties live together and openly engage in cohabitation. Although cohabitation and reputation are necessary elements of a common law marriage, this court has previously held that standing alone they do not constitute a common law marriage. *In re Redman* (1939), 135 Ohio St. 554 [14 O.O. 426, 21 N.E.2d 659].

"The contract of marriage *in praesenti* may be proven either by way of direct evidence which establishes the agreement, or by way of proof of cohabitation, acts, declarations, and the conduct of the parties and their recognized status in the community in which they reside. However, all of the essential elements to a common law marriage must be established by clear and convincing evidence. *Markley v. Hudson, supra* [, 143 Ohio St. 163,] at 169 [, 28 O.O. 81, at 84, 54 N.E.2d 304, at 307]; *In re Redman, supra,* at 558 [14 O.O. at 428, 21 N.E.2d at 661].

"Where there is no direct proof in reference to the formation of the contract of marriage *in praesenti*, testimony regarding cohabitation and community reputation tends to raise an inference of the marriage. This inference is given more or less strength according to the circumstances of the particular case. * * * *"

In January 1988, Cloie Mullins and Donald Gustwiller began living together. During this time, Cloie fell and fractured her wrist. Because Cloie had no health insurance, Donald sought to include her within the coverage of his health insurance provided by his employer, General Motors.

In order that Donald might include Cloie within his benefits, General Motors required documentation of facts from which a common-law marriage might be inferred, although no assertion of marriage was required or referred to in the necessary papers. Indeed, the unrebutted evidence is that Donald signed in blank the documents upon which a General Motors employee later filled in information relied upon by appellant at trial.

Appellant bases his assertion of Cloie's common-law marriage to Donald upon the documents filed with General Motors to add Cloie to Donald's health insurance program.

At the hearing, both Cloie Mullins and Donald Gustwiller denied ever having any intention to be married. They also denied any knowledge of having claimed their common-law marriage in order to meet the requirements of General Motors' insurance program. Donald testified that he believed that he only had to show proof that Cloie was a member of his household in order to obtain coverage for her.

Under *Nestor, supra,* the essential element of a common-law marriage is a present mutual contract by the parties to be married to each other as husband and wife. Here, Cloie and Donald have denied any intent to be married to each other. Other evidence presented at the hearing indicates that Donald and Cloie rented a residence and subsequently purchased a mobile home together. However, none of the additional evidence proves that kind of cohabitation and that kind of community reputation which might require inference of their intent to be married and hence of their marriage, especially in view of their protestations to the contrary.

"In either a criminal or civil case the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass* (1967), 10 Ohio St.2d 230, 231, 39 O.O.2d 366, 367, 227 N.E.2d 212, 213. "The findings of fact by the trial court which heard the testimony and the appearance-point-of-view of the witnesses upon the controlling facts in the case will not be set aside when there is nothing in the record to show that the court manifestly disregarded the weight of the evidence or violated any principle of law in making its findings in arriving at its conclusions." *Bowlin v. Black & White Cab Co.* (1966), 7 Ohio App.2d 133, 141, 36 O.O.2d 288, 292, 219 N.E.2d 221, 226.

The trial court determined that the necessary elements to establish a common-law marriage had not been proven by clear and convincing evidence. The record permits such a conclusion. With the exception of the documents submitted to obtain for Cloie health insurance coverage through General Motors, there is little evidence supporting appellant's claim of the existence of a common-law marriage. The trial court had the opportunity to view all of the evidence and hear the testimony of the witnesses and found it fell short of the proof needed to clearly and convincingly show an existing marriage by agreement of the parties. R.C. 3105.12 further states that determination is within the discretion of the court. We cannot say the trial court's decision was arbitrary, unreasonable or capricious. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1142.

We therefore find that the trial court's decision was not against the manifest weight of the evidence or an abuse of discretion and overrule appellant's first assignment of error.

Appellant's second assignment of error is:

"The trial court erred as a matter of law in finding that the alimony award constituted a division of property and is therefore not modifiable."

We do not have the final divorce decree of appellant and appellee before us. We conclude from the judgment entry of the trial court and

testimony presented at the hearing that Cloie Mullins is to receive $100 per week from appellant until his retirement when she will receive $75 per week. Payment of the alimony will continue until Cloie's death, remarriage, or attainment of age sixty-two years.

The Ohio Supreme Court held in *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413, syllabus, that when a court awards alimony to a wife to be paid until a condition subsequent occurs *and* the award is for her support *and* is independent of any award arising by adjustment of the property rights of the parties, "reservation of jurisdiction to modify the award will be implied in the decree." The Ohio Supreme Court in *Ressler v. Ressler* (1985), 17 Ohio St.3d 17, 18, 17 OBR 14, 15, 476 N.E.2d 1032, 1033, interpreted its holdings in *Wolfe, supra,* and *Colizoli v. Colizoli* (1984), 15 Ohio St.3d 333, 15 OBR 458, 474 N.E.2d 280, stating:

"[W]e hold that a decreeing court does not have continuing jurisdiction to modify a sustenance alimony award that was made for a fixed period of years even though the award is subject to termination in the event of death, remarriage, or cohabitation unless the decreeing court expressly reserves jurisdiction to modify. In so ruling we are promoting the concept that alimony decrees should possess a degree of finality and certainty."

The trial court found that the amount of alimony awarded to Cloie was, at least in part, compensation for any claim she might have had on appellant's retirement funds accrued during their thirty years of marriage. The trial court then concluded that the holding of *Wolfe* precluded modification of the alimony order therein. In our view, the holding of *Ressler* also requires that, in the absence of an express reservation of jurisdiction to modify alimony, the trial court could not modify the alimony awarded to Cloie.

We assume, based on the trial court's judgment entry herein, in the absence of the original decree as part of the record on this appeal, that there was no express reservation of jurisdiction to modify contained in that decree. In so assuming we observe that the decisions to grant, to withhold, and to modify alimony when properly presented are always matters within the discretion of the trial court subject to the criteria set forth in R.C. 3105.18.

On the record before us, we cannot conclude that the trial court erred as a matter of law in refusing to modify the alimony order or that the trial court abused its discretion in reaching its decision. Appellant's second assignment of error is overruled.

For the reasons stated above and upon the authorities cited and discussed, the judgment of the Court of Common Pleas of Paulding County is affirmed.

*Judgment affirmed.*

SHAW, P.J., and MILLER, J., concur.