OPINION
On October 24, 1996, plaintiff-appellant, Cyndee Balser, filed a complaint for divorce in the Butler County Court of Common Pleas. The complaint alleged that defendant-appellee, Scott Mosley, was her common-law husband, that the parties had been living separate and apart for more than one year, and that appellee was guilty of gross neglect of duty. Appellee subsequently filed an answer in which he denied that appellant was his common-law wife.
The trial court held a hearing on April 1, 1997 to determine whether a common-law marriage existed between the parties. Appellant testified at the hearing that she and appellee lived together between 1985 and 1993 and that she and appellee purchased a condominium together. Appellant testified that appellee provided health insurance for her through his employer and that she and appellee filed joint federal income tax returns during a portion of the time they were living together. Appellant also testified as follows:
 After like — geez, after a couple of years or something we started talking, you know, like we had discussions about children. Neither one of us really wanted kids. At that point we didn't see a reason to get married because other than for kids I really don't see a reason for, you know, I mean, everybody in my family has been divorced. I really don't see a whole lot in a piece of paper. I told Scott, I said, well, we could go get married but then we're going to come home and you're still going to sleep on your side of the bed, I'm still going to sleep on my side of the bed; it's not going to make any difference in us.
The trial court dismissed appellant's complaint for divorce at the close of all of the evidence pursuant to Civ.R. 41(B)(2). The trial court specifically found that no common-law marriage existed because the parties had never entered into an in praesenti agreement to marry. Appellant now appeals setting forth the following assignment of error:
 THE COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT FOR DIVORCE.
Appellant contends that the trial court erred in finding that no common-law marriage existed in this case and in dismissing her complaint for divorce. A common-law marriage is established when the following elements are shown: (1) an agreement of marriage in praesenti; (2) cohabitation as husband and wife; and (3) a holding out by the parties to those with whom they normally come into contact, resulting in a reputation as a married couple in the community. State v. Depew (1988), 38 Ohio St.3d 275, 279; Nestor v. Nestor (1984), 15 Ohio St.3d 143, 145; Umbenhower v. Labus (1912), 85 Ohio St. 238, syllabus. The proponent of a common-law marriage bears the burden of establishing each of the above elements by clear and convincing evidence. In re Estate of Redman (1939), 135 Ohio St. 554, 558; In re Estate of Shepherd (1994), 97 Ohio App.3d 280, 284. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cork v. Bray (1990),52 Ohio St.3d 35, 38; Cross v. Ledford (1954), 161 Ohio St. 469,477.
The central issue presented by this appeal is whether the parties entered into an in praesenti agreement to marry. An in praesenti agreement to marry exists where there is "a meeting of the minds between the parties who enter into a mutual contract to presently take each other as man and wife." Nestor at 146; Mullins v. Mullins (1990), 69 Ohio App.3d 167, 169. The agreement to marry in praesenti is the essential element of a common-law marriage. In re Estate of Hall (1990), 67 Ohio App.3d 715, 719. Its absence precludes the establishment of a common-law marriage even though the parties live together and openly engage in cohabitation. Nestor at 146; Hall at 719.
All of the evidence presented at the hearing indicates that appellant and appellee never entered into an in praesenti agreement to marry. Rather, it is apparent from the record that the parties to this action consciously chose to forego the institution of marriage and instead lived together in a state of unmarried cohabitation throughout the course of their entire eight-year relationship. Therefore, the trial court did not err in finding that appellant had not proven the existence of a common-law marriage by clear and convincing evidence or in dismissing appellant's complaint for divorce. Appellant's sole assignment of error is overruled and the judgment of the trial court is hereby affirmed.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.