Defendant-appellant David L. Howard appeals from a judgment and decree of divorce. The only issue in this appeal is whether the trial court erred by finding the existence of a common law marriage between the parties. David Howard contends that that finding is against the manifest weight of the evidence. From our review of the transcript and evidence in this case, we conclude that the finding of the existence of a common law marriage is not against the manifest weight of the evidence. Accordingly, the judgment of the trial court is Affirmed.
 I
Cheryl Howard and David Howard began living together in 1983 or 1984. They have four children together.
From 1975 to 1993, Cheryl Howard received welfare benefits. In that connection, she took the position that she was not married. David Howard paid child support through the Bureau of Support. In 1994 and 1995, David Howard filed documents claiming Cheryl as his common law spouse, for the purpose of obtaining health care insurance for her through his employer, General Motors. In 1994, Cheryl and David filed a joint tax return for 1993.
In early 1996, Cheryl Howard brought this action for divorce. David Howard filed a motion to dismiss, contending that the parties were not married. The motion to dismiss was heard before a magistrate. The magistrate made a report and recommendation in which he found that the parties were married at common law before the statutory abolition of common law marriage in October, 1991. David Howard objected, but his objections were overruled.
Following the determination that the parties were, in fact, married at common law, the parties were able to stipulate the terms of a divorce decree, and a judgment and decree of divorce was entered. From that judgment and decree of divorce, David Howard appeals.
 II
David Howard's sole Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT FOUND THAT CHERYL AND DAVID WERE COMMON LAW SPOUSES, BECAUSE THAT FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Because common law marriages, before their statutory abolition in October, 1991, were disfavored at law, the proponent of a common law marriage bears the burden of proving its existence by clear and convincing evidence. In re Estate ofRedman (1939), 135 Ohio St. 554, 558. David Howard argues that Cheryl failed to prove the existence of a common law marriage by clear and convincing evidence. He has framed this assignment of error as a claim that the finding is against the manifest weight of the evidence, invoking a weight of the evidence standard of review under State v. Thompkins (1997), 78 Ohio St.3d 380. As we understand that standard of review, it requires us to review the evidence, and to determine whether, when appropriate deference is given to the factual conclusion of the trial court, the evidence persuades us by the requisite burden of proof — in this case, a clear and convincing burden of proof.
We have reviewed the entire transcript of the trial before the magistrate, and the evidence is conflicting. Although David Howard acknowledged that he signed a notarized statement in 1993 indicating the existence of a common law marriage, he denied that this relationship existed prior to the statutory abolition of common law marriage in October, 1991. He specifically testified that he never introduced Cheryl to others as his wife. In his rebuttal case, David Howard presented the testimony of Sidney Barnett, who characterized himself as David's best friend. Barnett testified that David never referred to Cheryl as his wife. Although Barnett acknowledged that David Howard was known to "stay" with Cheryl Howard, he testified that David did not "live" there.
Cheryl Howard testified that she and David began living together in 1984, and that by this she meant that David Howard came home to her every night from work. She testified that in 1985 he introduced her to everyone as his wife. She acknowledged that for at least a few years before 1993, she went by the name, Null, because she was receiving welfare benefits, and would not have been entitled to receive those benefits if she had been married. On direct examination, she acknowledged, candidly, that she had been defrauding the welfare system. Cheryl Howard called Patricia A. Lloyd, who had known Cheryl and David as their next door neighbor for about fifteen years. Although Lloyd acknowledged that she was not good with dates, she testified that she had heard David introduce Cheryl as his wife at Fourth of July picnics and card games, and that this had been going on for "probably around thirteen years." Under questioning from the magistrate, Lloyd testified as follows:
 THE COURT: Okay. When do you first recall — to the best of your ability recall — we're now talking eighty — we've narrowed it down to `83, `84 — the first time you heard Mr. Howard introduce Cheryl as his wife or Cheryl introduce Mr. Howard?
 THE WITNESS: The first time I remember hearing him introduce her was at a Fourth of July cookout he had and he introduced her to some of his co-workers he had invited as his wife.
THE COURT: You were present at the time?
THE WITNESS: Yes.
THE COURT: And was that prior to 1991? October of 1991?
THE WITNESS: Oh, yeah.
THE COURT: It would have been before that time?
THE WITNESS: Yeah.
Lloyd also testified that David Howard lived with Cheryl at their house next door for about ten or eleven years, and that by this she meant that: "he lived there, stayed there, slept there, ate there, went to work from there."
David Howard argues that the trial court's finding, by clear and convincing evidence, that the Howards held themselves out in the community as husband and wife before the statutory abolition of common law marriage in 1991, is against the manifest weight of the evidence. Obviously, the evidence is conflicting on that point. We have reviewed the transcript of the testimony, and we conclude that this is not "the exceptional case in which the evidence weighs heavily against the [judgment of the trial court]." State v. Martin (1983), 20 Ohio App.3d 172, 175; quoted approvingly in State v. Thompkins, supra, at 387. Even in the context of a manifest-weight review, deference must be given to the conclusion reached by the trier of fact. Concurring opinion of Justice Cook, Thompkins, supra, at 390. ". . . only once it is patently apparent that the factfinder lost its way will this Court substitute its judgment on matters of credibility." State v.Hufnagel (September 6, 1996), Montgomery App. No. 15563, unreported, at 17. In the case before us, it is not patently apparent that the factfinder lost his way in deciding to credit Cheryl Howard and her witness in preference to David Howard and his witness.
David Howard's sole Assignment of Error is overruled.
 III
David Howard's sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN, and GRADY, JJ., concur.
Copies mailed to:
Deborah C. Schram
John H. Rion
Hon. Charles A. Lowman