Dolores Barbara CUNNINGHAM,
Plaintiff–Appellant,

v.

Kenneth S. APFEL, Commissioner of
Social Security Administration,
Defendant–Appellee.

No. 00–3463.

United States Court of Appeals,
Sixth Circuit.

June 15, 2001.

Before KEITH, SILER, and CLAY,
Circuit Judges.

Dolores Barbara Cunningham appeals a district court order granting summary judgment for the defendant after the Commissioner of Social Security denied her application for widow's benefits. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Cunningham filed her application for widow's benefits, alleging that she was entitled to benefits because she was the common-law wife of the insured decedent, James Cunningham. After a hearing, an administrative law judge (ALJ) determined that Dolores Cunningham had not established that she was the decedent's common-law wife, and the ALJ denied her application for benefits. Following the Appeals Council's decision affirming the ALJ's determination, Cunningham sought judicial review of the Commissioner's decision. Upon the parties' consent, the matter was referred to a magistrate judge for final disposition. The magistrate judge concluded that substantial evidence existed to support the Commissioner's decision, and the court dismissed Cunningham's complaint.

We initially note that Cunningham's April 15, 1999, notice of appeal was a timely appeal from the district court's judgment dismissing her complaint on March 24, 1999.

 Upon review, we conclude that the district court properly affirmed the Commissioner's decision. Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were employed in reaching the conclusion. *Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir.1996).

 Substantial evidence exists to support the ALJ's decision. Under 42 U.S.C. § 402(e), the widow of an insured decedent is entitled to social security benefits. The validity of the marriage is governed by the laws of the state where the decedent had a permanent home when he died. 42 U.S.C. § 416(h)(1)(A)(i); 20 C.F.R. § 404.345. In order to have a valid common-law marriage under Ohio law, Cunningham must prove: 1) words of present intent to create a marriage; 2) cohabitation as husband and wife; and 3) holding out to the public as man and wife. *Smereczynski v. Sec'y, Dep't of Health & Human Servs.*, 944 F.2d 296, 298 (6th Cir.1991). Cunningham has the burden to establish the elements of a common-law marriage by clear and convincing evidence under Ohio law. *Smith–Wilkins v. Sec'y of Health & Human Servs.*, 880 F.2d 864, 866 (6th Cir.1989). The district court properly determined that substantial evidence exists to support the ALJ's conclusion that Cunningham did not meet this burden.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.