DECISION AND JOURNAL ENTRY
{¶ 1} This matter is before this Court on appeal from the judgment of the Medina County Domestic Relations Court which found that appellant H. Terry Harris had entered into a common law marriage with appellee June Alexander Harris. For the following reasons, this Court finds that the trial court properly found a common law marriage and affirms its judgment.
 I. ASSIGNMENT OF ERROR
"The trial court erred and abused its discretion in finding a common-law marriage existed between the parties."
 {¶ 2} The facts in this case are long, complicated, and involve a time span of over twenty years. This Court will not review them here. We have, however, reviewed all the evidentiary materials presented in this case, including the pleadings, all exhibits and the transcript of proceedings before the domestic relations court.
 {¶ 3} The issue in this case is whether appellant and appellee entered into a common law marriage. The State of Ohio recognized common law marriages up through October 10, 1991.[1] To establish a common law marriage, the party seeking to establish it must show by clear and convincing evidence the following elements:
"(1) an agreement of marriage in praesenti;
"(2) cohabitation as husband and wife; and
"(3) a holding out by the parties to those with whom they normally come into contact, resulting in a reputation as a married couple in the community." Brooks v. Brooks (Apr. 30, 2001), 12th Dist. No. CA2000-08-079, citing State v. DePew
(1988), 38 Ohio St.3d 275, 279.
 {¶ 4} In Nestor v. Nestor (1984), 15 Ohio St.3d 143, 146, the Ohio Supreme Court held that "[t]he fundamental requirement to establish the existence of a common law marriage is a meeting of the minds between the parties who enter into a mutual contract to presently to take each other as man and wife."
 {¶ 5} Because common law marriages are not favored, they must be established by clear and convincing evidence. In re Estate ofRedman (1939), 135 Ohio St. 554, 558. Clear and convincing evidence is the "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Terryv. Brenneman (Sept. 9, 1988), 11th Dist. No. 1344 citing In reEstate of Haynes (1986), 25 Ohio St.3d 101, 104.
 {¶ 6} Neither party disputes the law applicable to this case. Appellant disputes, however, the trial court's findings of fact that appellee had proven by clear and convincing evidence that the parties entered into a common law marriage.
 {¶ 7} Without doubt, there was conflicting evidence regarding virtually every aspect of this case. However, in determining whether a party has presented clear and convincing evidence of a common-law marriage, the weight to be given the evidence and the credibility of witnesses is the function of the finder of fact.Brooks, citing Deaton v. Bowling (Oct. 19, 1998), 12th Dist. No. CA97-12-249. "A trial court's conclusion regarding the existence of a common-law marriage will not be reversed if it is supported by competent and credible evidence." Id.
 {¶ 8} In this case, this Court finds that the trial court had such competent and credible evidence before it to make a finding of a common law marriage. The trial court carefully and completely set forth the many facts it relied upon in support of its finding that a common law marriage existed. The court relied upon the fact that appellee wore a wedding ring, and that appellant did not desire a formal wedding ceremony because of the expense. It relied upon the fact that appellee often referred to herself as "Mrs. Harris," and that appellant knew of that representation. It also relied upon the fact that appellant purchased a home for appellee and her sons, one for whom appellant was listed on the birth certificate as father and the other who is the son of appellant. The court further relied upon the fact that appellant had obtained life insurance, listing appellee and his children as his beneficiaries, and that appellant listed appellee on his health and automobile insurance as spouse. Further, there was evidence from the couple's son that he considered appellant and appellee married and that they lived together as a family in two residences. The court also relied on the fact that appellant financially supported appellee and their children.
 {¶ 9} Under these circumstances, there was more than competent and credible evidence to support the trial court's finding that appellant and appellee had legally entered into a common law marriage. Appellant's assignment of error is overruled.
 II. {¶ 10} For the foregoing reasons, the judgment of the Medina County Domestic Relations Court is affirmed.
Judgment affirmed
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J., Boyle, J., concur.
[1] R.C. 3105.12 prospectively abolished common law marriage on this date, while continuing to recognize common law marriages that occurred in this state prior to October 10, 1991.