JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Betty Faison ("appellant") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} Appellant filed her complaint for divorce on May 1, 2003. In her complaint, appellant alleged that the parties were married on June 16, 1970, a Tuesday, in Cleveland, Ohio. However, the record indicates appellee was still married to his first wife in 1970. Appellant later filed an amended complaint on July 17, 2003, averring that the parties were married on June 15, 1975, a Sunday, in Detroit, Michigan. Appellee argues that he was never married to appellant. Appellant alleged that the parties were married at common law, no children were born of the marriage, and they were joint owners of the real property located at 1979 Torbenson Drive, Cleveland, Ohio. Appellee filed his answer generally denying the allegations of the amended complaint.
 {¶ 3} Appellant offered exhibits 1 through 5. Appellee objected to appellant's exhibit 4 on the grounds that it was hearsay and not self-authenticating. The appellee objected to appellant's exhibit 5 on the basis that no foundation had been established for its admissibility. The appellee offered exhibits A through E; there was no objection to the appellee's exhibits. Appellee's objection to appellant's exhibit 5 was overruled and all of the remaining exhibits were admitted into evidence.
 {¶ 4} Appellant was asked on cross-examination if she ever applied to a governmental body for a marriage license, and she testified that she was waiting for appellee to get the license. Appellant acknowledged that her signature does not appear on appellee's exhibit 1, the deed to the Torbenson Drive property, and that the document was created by the title company when the house was purchased. No witnesses were called to establish the reputation of the parties in the community. Both parties testified that they never had any joint bank accounts or joint credit cards.
 {¶ 5} Appellee testified that he was divorced from a prior wife in 1973 and married his current wife, Joan Faison, on December 10, 1998. He testified that he left the Torbenson Drive residence in 1993. Appellee denied exchanging vows with appellant and denied introducing her as his wife. He testified that he and appellant talked about getting a marriage license but never did. Appellant offered his federal income tax returns for 1993, 1994, 1995, and 1997; his status on each was listed as single.
 {¶ 6} The case proceeded to trial before the magistrate. At the close of the appellant's case in chief, appellant moved to amend the pleadings to conform to the evidence and was overruled. The lower court upheld the decision of the magistrate, and appellant filed this timely appeal.
 II. {¶ 7} Appellant's first assignment of error states the following: "The decision by the court is against the manifest weight of the evidence."
 {¶ 8} Appellant's second assignment of error states the following: "The court erred to the prejudice of the plaintiff by improperly excluding relevant evidence."
 {¶ 9} Appellant's third assignment of error states the following:
 {¶ 10} "The court erred to the prejudice of the plaintiff in its interpretation of the law of common law marriage."
 {¶ 11} Appellant's fourth assignment of error states the following: "The court abused its discretion by denying her motion to amend the pleadings to conform to the evidence."
 {¶ 12} Because of the substantial interrelation of appellant's assignments of error, we shall address them together. In Nestor v.Nestor (1984), 15 Ohio St.3d 143, the Ohio Supreme Court set out the required elements necessary to establish the existence of a common law marriage: (1) an agreement to marry in praesenti by parties competent to contract; (2) cohabitation as husband and wife; (3) the parties must hold themselves out as husband and wife, and (4) the parties are treated and reputed as husband and wife by the community. The court in Nestor further concluded that each element must be established by clear and convincing evidence. Id. at 146.
 {¶ 13} However, after October 10, 1991, the establishment of common-law marriage became prohibited by statute. R.C. 3105.12(B)(1). Although common law marriages have been prohibited in Ohio since October 10, 1991, R.C. 3105.12(B) provides that a common law marriage which came into existence before October 10, 1991 remains valid after that date.
 {¶ 14} "The fundamental requirement to establish the existence of a common law marriage is a meeting of the minds between the parties who enter into a mutual contract to presently take each other as man and wife. The agreement to marry in praesenti is the essential element of a common law marriage. Its absence precludes the establishment of such a relationship even though the parties live together and openly engage in cohabitation. Although cohabitation and reputation are necessary elements of a common law marriage, this court has previously held that standing alone they do not constitute a common law marriage." In re Redman
(1939), 135 Ohio St. 554. See, also, Mullins v. Mullins (1990),69 Ohio App.3d 167.
 {¶ 15} "The contract of marriage in praesenti may be proven either by way of direct evidence which establishes the agreement, or by way of proof of cohabitation, acts, declarations, and the conduct of the parties and their recognized status in the community in which they reside. However, all of the essential elements to a common law marriage must be established by clear and convincing evidence. Markley v. Hudson (1944),143 Ohio St. 163, at 169; In re Redman, supra, at 558. Clear and convincing evidence is that degree of proof which produces in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. Cork v. Bray (1990), 52 Ohio St.3d 35.
 {¶ 16} The first element of the test, a meeting of the minds to marry in praesenti, is the essential element of the common law marriage. "Its absence precludes the establishment of such a relationship even though the parties live together and openly engage in cohabitation * * *."Nestor, supra at 146. "An agreement to marry in praesenti may be proven either by direct evidence which establishes agreement, or by proof of cohabitation, acts, declarations, and conduct of the parties and their recognized status in the community in which they reside." Id. The inference raised from cohabitation and community reputation is given more or less strength according to the circumstances of the particular case at bar. The inference is also strengthened when taking into consideration the period of time the couple is living together and cohabiting as man and wife. Id.
 {¶ 17} The trial court magistrate cited Brooks v. Brooks (Apr. 30, 2001), 12th Dist. No. CA2000-08-079, in his decision. The facts inBrooks are similar to the facts in the case sub judice. In Brooks, the plaintiff presented deeds she signed as the defendant's wife which named the husband as a "married man," a life insurance beneficiary designation signed by the defendant indicating the plaintiff as his wife, and cards and letters addressed to "Mr. and Mrs. Brooks." In Brooks, supra, the parties maintained separate bank accounts, there were no witnesses to any agreement to marry in praesenti and the plaintiff's testimony about the circumstance of that agreement was inconsistent. Mr. Brooks offered several tax returns which showed that both parties filed as single individuals and two witnesses who testified that he corrected people who referred to the plaintiff as his wife.
 {¶ 18} The magistrate who heard the Brooks case found that the plaintiff had proved, by clear and convincing evidence, that the parties had a common law marriage. The trial court granted the defendant's objections and found that the "evidence presented, while indicating a common law marriage, fell short of meeting the clear and convincing standard." The court of appeals affirmed the trial court's decision.
 {¶ 19} Similar to Brooks, the parties in the case at bar maintained separate bank accounts and there were no witnesses to any agreement to marry in praesenti. Both parties in the case sub judice testified they never had joint bank accounts or joint credit cards. Furthermore, appellee offered his federal income tax returns for several years in the 1990s, and his status on each was listed as single.
 {¶ 20} As previously mentioned, appellee testified that he was not divorced from his first wife until 1973, well after appellant's alleged June 16, 1970 marriage date. The evidence established that appellee was still married to his first wife in 1970 and never signed a marriage certificate with appellee. Appellant acknowledged that her signature does not appear anywhere on the deed to the Torbenson Drive property. Witnesses were never called to establish the reputation of the parties in the community. Appellee denied exchanging vows with appellant and denied introducing her as his wife. Appellee testified that the parties may have talked about getting a marriage license, but never actually did. The evidence demonstrates that the parties failed to meet the first element of a common law marriage.
 {¶ 21} Assuming arguendo that appellant had met all of the elements of a common law marriage, she would not overcome the defense of laches. Appellant did not file her complaint for divorce until May 1, 2003. However, appellant testified that she stopped living with appellee at the Torbenson Drive house in 1994 or early 1995. Appellant gave no reason for her delay of more than eight years from when she testified that the parties separated in bringing her claim for common law marriage.
 {¶ 22} In conclusion, we do not find the decision of the trial court to be against the manifest weight of the evidence, nor do we find any evidence of prejudice to the plaintiff regarding the exclusion of evidence. Moreover, we find the lower court's interpretation of common law marriage to be proper, and do not find any abuse of discretion regarding appellant's motion to amend the pleadings.
 {¶ 23} Accordingly, appellant's four assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., Concurs.
 Kilbane, J., Dissents (See Separate Dissenting Opinion).
 DISSENTING OPINION