[Cite as *Henderson-Austin v. Akili*, 2018-Ohio-2518.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106307

---

## LANA HENDERSON-AUSTIN

### PLAINTIFF-APPELLANT

vs.

## MTU AKILI

### DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-17-367055

**BEFORE:** Laster Mays, J., McCormack, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 28, 2018

-i-

**FOR APPELLANT**

Lana M. Henderson, pro se
2654 Noble Road, #8
Cleveland, Ohio 44121


**FOR APPELLEE**

Mtu Akili, pro se
Inmate No. 35039060
FCI McDowell
P.O. Box 1009
Welch, West Virginia 24801

ANITA LASTER MAYS, J.:

## I.    Background

{¶1}    Plaintiff-appellant Diva Akili, formerly known as Lana Henderson- Austin, appeals the decision of the Cuyahoga County Court of Common Pleas Division of Domestic Relations dismissing her complaint for divorce against defendant-appellee Mtu Akili, formerly known as Darin Anthony Austin.   The parties appeared before the trial court pro se.   We affirm the trial court's decision.

{¶2}   On May 12, 2017, appellant initiated a divorce case against appellee based on all of the divorce grounds pursuant to R.C. 3105.01. The complaint asserts that appellant is the common-law wife of appellee and seeks spousal support, ownership of real property allegedly owned by appellee, an equitable division of appellee's property, and any other relief the court deems equitable. Appellee responded with a motion to dismiss the complaint.   Appellee has been incarcerated in federal prison since October 1993 and denies that he is, or has ever been, married to appellant by ceremony, license, or common law.

{¶3}   A trial was held on August 9, 2017.   Appellant was the sole witness. The evidence in the record includes extensive affidavits by the parties and several copies of correspondence between them.   The trial court dismissed the matter, finding that appellant failed to establish the existence of a common-law marriage.

{¶4} Appellant filed the instant appeal challenging the trial court's ruling. We affirm.

## II.    Assignments of Error and Analysis

**{¶5}** We preface our analysis by noting that appellant has not filed a transcript in this appeal. Without the filing of a transcript, an appellate court presumes regularity in the proceedings and accepts the factual findings of the trial court as true. *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 98173, 2012-Ohio-5073 ¶ 8, citing *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-965, 2012-Ohio-1665, ¶ 8. Our review is limited to the legal conclusions of the trial court. *Id.*

### A. Trial Court's Refusal to Admit Certain Evidence and Motions

**{¶6}** Appellant's first assigned error challenges the trial court's refusal to admit certain evidence, rulings on discovery, and rulings on motions submitted by appellant. Appellant expresses disapproval of the trial court's demeanor and decisions, and recites information that appellant believes the trial court should have considered. The information consists of appellant's assertions about the conduct, activities, or knowledge of third parties; unsubstantiated events; and statements about the appellee.

**{¶7}** The admission or exclusion of evidence rests within the discretion of the trial court. *State v. Robb*, 88 Ohio St.3d 59, 68, 723 N.E.2d 1019 (2000). An appellate court will not disturb a decision of the trial court to admit or exclude evidence absent a clear and prejudicial abuse of discretion. *Donovan v. Donovan*, 110 Ohio App.3d 615, 620, 674 N.E.2d 1252 (12th Dist.1996); *State v. Robinson*, 8th Dist. Cuyahoga No. 99917, 2014-Ohio-2973, ¶ 23.

**{¶8}** Appellant did not present the individuals referenced in her argument as witnesses or offer other evidence supporting the truth of her assertion that a common-law marriage exists. The trial court's conduct of proceedings is also guided by the Ohio Rules of Evidence. The statements that appellant attributes to nonwitnesses to support her case is governed by a rule of evidence known as the hearsay rule. The rule provides, subject to limited exceptions, a

person's out-of-court statements that are offered to prove the truth of a matter cannot be admitted as evidence for a trial court's consideration. *Potter v. Baker*, 162 Ohio St. 488, 124 N.E.2d 140 (1955).

{¶9} The hearsay rule was formulated to enhance the reliability of evidence placed before the court. Generally, out-of-court statements are not considered to be reliable because the person making the statement "is not present at trial, not under oath, and not subject to cross-examination." *State v. Kilbane*, 8th Dist. Cuyahoga Nos. 38428, 38383, and 38433, 1979 Ohio App. LEXIS 10550, 22 (July 3, 1979).

{¶10} The trial court also has complete discretion as to how it manages dockets and how it controls discovery, and we will not disturb its decision unless there is an abuse of discretion. *Bayview Loan Serv., L.L.C. v. St. Cyr*, 8th Dist. Cuyahoga No. 104655, 2017-Ohio-2758, ¶ 26, citing *6750 BMS, L.L.C. v. Drentlau*, 2016-Ohio-1385, 62 N.E.3d 928, ¶ 18 (8th Dist.), citing *State ex rel. V Cos. v. Marshall Cty. Aud.*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998). "An abuse of discretion implies the trial court was arbitrary, unreasonable, or unconscionable." *Id.* at ¶ 20.

{¶11} Appellant fails to identify legal grounds that would support her appellate arguments by rule, statute, or relevant case law. We recognize that appellant is proceeding pro se, without the advice of a licensed attorney. However, "[u]nder Ohio law, pro se litigants are held to the same standard as all other litigants." *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 29, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996).

{¶12} App.R. 16(A) governs the content and format of appellate briefs. App.R. 16(A)(7) requires that a party cite legal authority to support the party's arguments. At the conclusion of

the arguments made under appellant's first assignment of error, five cases are listed in a separate paragraph following the argument without explanation or comment as to how these cases relate to appellant's arguments.

{¶13} The proffered cases are criminal law cases addressing motions to suppress evidence seized after a traffic stop: *Dayton v. Erickson*, 76 Ohio St.3d 3, 665 N.E.2d 1091 (1996); *State v. Brite*, 120 Ohio App.3d 517, 698 N.E.2d 478 (4th Dist.1997); *State v. Lloyd*, 126 Ohio App.3d 95, 709 N.E.2d 913 (7th Dist.1998); *State v. Moeller*, 12th Dist. Butler Case No. CA99-07-128, 2000 Ohio App. LEXIS 4904 (Oct. 23, 2000); and *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

{¶14} Based on a thorough review of the record, we do not find that the trial court abused its discretion. Further, appellant has failed to support her argument pursuant to App.R.16(A). The first assigned error is without merit.

### B. Sufficiency of the Evidence

{¶15} Appellant's second assigned error echoes many of the assertions set forth in the first assigned error. To the extent the arguments involve the trial court's rulings on the evidence or conduct of the proceedings, those matters have been addressed and resolved by our decision denying the first assigned error.

{¶16} The second assigned error also suffers from the App.R. 16 deficiencies discussed in our response to the first assigned error. The cited cases are criminal cases that are irrelevant to the current case.

{¶17} Based on the over-arching theme of appellant's brief, we construe appellant's second assigned error as a challenge to the sufficiency of the evidence to support the trial court's determination. In a civil sufficiency of the evidence analysis, "the question is whether, after

viewing the evidence in a light most favorable to the prevailing party, the judgment is supported by competent, credible evidence." *Mtge. Electronic Registration Sys. v. Mosley*, 8th Dist. Cuyahoga No. 93170, 2010-Ohio-2886, ¶ 28, citing *Ruffo v. Shaddix*, 8th Dist. Cuyahoga No. 74344, 1999 Ohio App. LEXIS 2608, 6 (June 10, 1999). We consider "'whether the verdict [is] one which could be reasonably reached from the evidence.'" *Mosley* at ¶ 28, quoting *Ruffo* at 6, citing *Hartford Cas. Ins. Co. v. Easley,* 90 Ohio App.3d 525, 630 N.E.2d 6 (10th Dist.1993).

**{¶18}** Common-law marriage was statutorily abolished on October 10, 1991. *Faison v. Faison*, 8th Dist. Cuyahoga No. 84942, 2005-Ohio-2733, ¶ 13, citing R.C. 3105.12(B)(1). The statute also provides that a common-law marriage that existed prior to the abolition retains its validity. *Id*.

**{¶19}** The establishment of a common-law marriage requires clear and convincing evidence of:

> (1) an agreement to marry in praesenti by parties competent to contract; (2) cohabitation as husband and wife; (3) the parties must hold themselves out as husband and wife, and (4) the parties are treated and reputed as husband and wife by the community.

*Id*. at ¶ 12, citing *Nestor v. Nestor*, 15 Ohio St.3d 143, 146, 472 N.E.2d 1091 (1984).

**{¶20}** The Ohio Supreme Court explained:

> The fundamental requirement to establish the existence of a common-law marriage is a meeting of the minds between the parties who enter into a mutual contract to presently take each other as man and wife. The agreement to marry in praesenti is the essential element of a common-law marriage. Its absence precludes the establishment of such a relationship even though the parties live together and openly engage in cohabitation. Although cohabitation and reputation are necessary elements of a common law marriage, this court has previously held that standing alone they do not constitute a common-law marriage.

*Nestor* at 146, citing *In re Redman: Hiland v. Ohio*, 135 Ohio St. 554, 21 N.E.2d 659 (1939).

**{¶21}** If a party is unable to establish the agreement to marry by parties competent to contract by direct evidence, indirect evidence may be offered such as cohabitation and community reputation and proof that the parties were recognized in the community as husband and wife. *Id*. at 146. The longer the period of cohabitation, the stronger the evidence of an agreement to marry. *Id*.

**{¶22}** Appellant asserts that the parties "jumped the broom"[1] at her parent's home on or about February 14, 1987, when appellant was 16 years of age. The parents are now deceased. However, "jumping the broom," without license and ceremony, is not a legally recognized marriage.

**{¶23}** The trial court determined that, on February 14, 1987, appellant was 16 years of age, an age that required parental consent pursuant to R.C. 3101.01. The trial court found that the evidence and testimony was not sufficient to prove that parental consent was provided as required by law. Thus, there was no agreement to marry by parties competent to contract. *Faison,* 8th Dist. Cuyahoga No. 84942, 2005-Ohio-2733, at ¶ 12, citing *Nestor*, 15 Ohio St.3d at 146, 472 N.E.2d 1091.

**{¶24}** Further to the element of cohabitation as husband and wife, as well as the remaining requirements of holding themselves out to the community as husband and wife and recognition of that status by the community, the evidence must reflect that the cohabitation as husband and wife was open, and in the manner of a couple "in a marital state." "There must be a holding out to those with whom they normally come in contact." *Id*.

---

[1] Jumping the broom is generally recognized as an African custom adopted by slaves in America as a ceremonial marriage because they were not permitted to marry legally. *See, e.g.*, *Woodard v. Commonwealth*, 219 S.W.3d 723, 726 (Ky.2007).

**{¶25}** The trial court considered whether clear and convincing evidence establishing the remaining common-law marriage elements exists. The trial court concluded:

> Plaintiff provided no testimony or evidence that the parties had cohabited, introduced themselves as husband and wife, shared a bank account, traveled together, shared household expenses or carried on a sexual relationship. Furthermore, no evidence was presented that a common-law marriage was established after the Plaintiff reached the age of majority, therefore, no longer needing parental consent. The Court finds that the Plaintiff failed to meet her burden of proof by clear and convincing evidence that a valid marriage took place, and from the date Plaintiff turned eighteen until the effective date of the statute abolishing common-law marriage, no evidence or testimony was provided to effectuate the existence of a common-law marriage.

Judgment entry No. 100333817 (Aug. 30, 2017), p. 2.

**{¶26}** Based on our review of the record, we agree with the trial court's conclusions. Appellee was a member of the armed forces prior to his October 1993 incarceration and was stationed in Germany in 1990. Appellee alleges that the parties had not been in communication for a number of years, and that any contact between the parties ended in March 1991.

**{¶27}** A copy of handwritten correspondence postmarked in February 2014 is addressed to appellee and signed by appellant. The contents indicates that appellant desired to correspond by email. Her full name is listed at the bottom of the correspondence and indicates that she is "J's cousin," as though reminding appellee of her identity.

**{¶28}** In a March 14, 2014 correspondence from appellant to appellee, appellant remarks that it is "fine" but "strange" that appellee did not remember her though they considered themselves "a couple for seven years." "You don't even remember me." The letter also says that both parties were aware that appellee was involved in other relationships, which does not indicate that the parties held themselves out to the public as husband and wife.

**{¶29}** Appellant argues that she is listed on the prison log as the common-law wife of appellee, which serves as evidence of the marriage. Appellee states that the 2015 federal prison visitation document listing her as a common-law wife was prepared and approved by the counselor who approved visitation for appellee.

**{¶30}** Regardless of the assertions made by the parties, the onus is on appellant to establish the elements of a common-law marriage as set forth in *Nestor*, 15 Ohio St.3d at 146, 472 N.E.2d 1091. The evidence presented by appellant is insufficient to support the establishment of the marriage.

**{¶31}** Appellant's second assignment of error is overruled.

**{¶32}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic relations division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

ANITA LASTER MAYS, JUDGE

TIM McCORMACK, P.J., and
SEAN C. GALLAGHER, J., CONCUR