[Cite as *State v. Hunt*, 2018-Ohio-4849.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105769

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JEIMIL HUNT**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-91-273936-C, CR-93-300402-D,
CR-94-305667-D, CR-94-307512-B

**BEFORE:** Laster Mays, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 6, 2018

-i-

**ATTORNEY FOR APPELLANT**

William Norman
600 E. Granger Road, Second Floor
Brooklyn Heights, Ohio 44131


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Daniel T. Van
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Jeimil Hunt ("Hunt") appeals his convictions and asks this court to vacate his sentence, reverse his convictions, and remand to the trial court for a new trial. After a review of the record, we affirm.

{¶2} On March 11, 1992, Hunt pleaded guilty to attempted aggravated burglary, a first-degree felony, in violation of R.C. 2911.11 and 2923.02. Hunt was sentenced to 4 to 15 years imprisonment. The trial court suspended the sentence and ordered Hunt to serve three years of probation. Hunt violated his probation, and on August 12, 1992, the trial court sentenced him to three to 15 years imprisonment. On July 7, 1993, the trial court granted Hunt's motion to suspend further execution of his sentence and placed Hunt on five years probation.

{¶3} On May 31, 1994, Hunt pleaded guilty to aggravated murder, a first- degree felony,

in violation of R.C. 2903.01, and aggravated robbery, a first- degree felony, in violation of R.C. 2911.01. He was sentenced to life in prison for aggravated murder and 15 to 25 years imprisonment for aggravated robbery, to be served consecutively.

## I. Facts

{¶4} The transcripts of all the proceedings are unavailable. Hunt submitted a statement of the record as required by App.R. 9(C)(1). The trial court, on October 17, 2017, indicated,

> While the court now accepts the representation that all transcripts relating to the this case are unavailable and impossible to obtain, this court does not, in any way, intend to agree with defendant's statement of the evidence in whole or in part. The court's recollection of it's practices both then and now would cause this court to disagree with some portion of the statement presented.

Journal entry No. 100961827.

{¶5} These are the facts that Hunt has submitted to the court in his brief:

> In January 1992, [a]ppellant Hunt was indicted for one count of attempted aggravated burglary, in violation of R.C. 2923.02, 2911.11, with a three-year f_rearm specification under Section 2941.141; one count of conspiracy to commit aggravated robbery, in violation of Section 2923.01, 2911.01, with a three-year firearm specification under Section 2941.141; and one count of possessing criminal tools, in violation of Section 2923.24. *See Statement of the Record* at 1-2.

> On March 11, 1992, [a]ppellant Hunt, in open court and with counsel present, was fully advised of his constitutional rights. *Id.* On behalf of [a]ppellant Hunt, the public defender was present. On behalf of the [s]tate, Prosecutor Tony Kellon was present. On recommendation of the prosecutor, Count One of the indictment was amended by deleting the firearm specification. Appellant Hunt pled guilty to one count of attempted aggravated burglary, in violation of Section 2923.02, 2911. Counts Two and Three were nolled. Judge Patricia Anne Gaughan presided over the proceeding. *Id.*

> On April 13, 1992, the case proceeded to sentencing and Judge Gaughan sentenced [a]ppellant Hunt to 4-15 years, execution of sentence suspended. Appellant Hunt was ordered to serve three years of probation with conditions that he (1) be supervised by intensive special probation unit, (2) obtain employment within [60] days, and (3) pay court costs at $15.00 per month. *Id.*

> On August 13, 1992, Judge Gaughan held [a]ppellant Hunt to be a probation

violator and sentenced him to 3-15 years. On July 7, 1993, Judge Gaughan granted [a]ppellant Hunt's motion to suspend further execution of sentence as provided for by Section 2944.061. Appellant Hunt was placed on five years probation with the conditions that he (1) be supervised by intensive special probation, (2) serve [100] hours community service, (3) obtain employment, and (4) pay court costs at the rate of $20.00 per month.   *Id.*

On May 31, 1994, at the request of Kathleen Ann Sutula and Administrative Judge James J. Sweeney, a probation violation hearing regarding [a]ppellant Hunt was transferred to Judge Kathleen Ann Sutula.   *Id.*

On June 14, 1994, Judge Kathleen Sutula held a probation hearing, found [a]ppellant Hunt to be a probation violator, and sentenced [a]ppellant Hunt to his original sentence.   *Id.*

Later, [a]ppellant Hunt was charged with receiving stolen property. On May 31, 1994, at the request of Judge Kathleen Ann Sutula and Administrative Judge James J. Sweeney, the case was transferred to the docket of Kathleen Ann Sutula.   *Id.*   On May 31, 1994, the [s]tate of Ohio, with leave and good cause shown, entered a *nolle prosequi* for the indictment. Judge Kathleen Ann Sutula signed the journal entry.   *Id.*

Appellant Hunt was charged with capital murder, with specifications, kidnapping, and robbery.   On May 31, 1994, [a]ppellant Hunt was present with counsel, Attorneys Donald Butler and Alan Rossman, and was fully advised of his constitutional rights.   Appellant Hunt pled guilty to aggravated murder, capital case, under R.C. 2903.01, as charged in Count Three of the indictment.   *Id.* The plea was accepted by a three-judge panel, consisting of Judge Kathleen Ann Sutula, Judge Patricia A. Cleary, and Judge James J. Sweeney.   Prosecutor Richard Bombik represented the state of Ohio.   *Id.* at 3.

On June 14, 1994, [a]ppellant Hunt proceeded to sentencing.   The panel asked [a]ppellant Hunt if he had anything to say as to why judgment should not be pronounced.   Appellant Hunt stated that he had nothing to offer other than what he had already said.   Appellant Hunt, present with counsel, was sentenced to life in prison, with parole eligibility after [30] years.   Appellant Hunt was also sentenced to the three-year mandatory consecutive term which attached to the gun specification, (to be served prior and consecutive to the 30 year to life term). *Id.*

On May 31, 1994, at the request of Judge Kathleen A. Sutula and Administrative Judge James J. Sweeney, the case was transferred to the docket of Judge Kathleen Ann Sutula.   *Id.* at 4.

On May 13, 1994, [a]ppellant Hunt, present with counsel, [a]ttorneys Donald Butler and Alan Rossman, was fully advised of his constitutional rights. *Id*.

Prosecutor Richard Bombik represented the [s]tate of Ohio.

Appellant Hunt pled guilty to aggravated robbery, in violation of R.C. 2911.01, with a prior aggravated felony specification.

Appellant Hunt was sentenced to a term of 15-25 years, to be ran consecutive to the sentences imposed in CR-94-305667-D. *Id*. The remaining counts were nolled.

Appellant's Brief (pg. 6-8.)

{¶6} Hunt filed an appeal and assigns nine assignment of errors for our review:

I.     Appellant Hunt's panel fatally erred, under *State v. Green*, 81 Ohio St.3d 100 (1998), by accepting, his guilty plea to capital murder, with specifications, absent requiring evidence, testimony, and witnesses establishing appellant Hunt's guilt beyond a reasonable doubt, and by further failing to enter a journal entry reflecting *Green* compliance.

II.    Insufficient evidence exists to sustain appellant Hunt's conviction for capital murder, with specification.

III.   Appellant Hunt's guilty plea to capital murder with specifications was not knowing, intelligent, and voluntary as required by Article I, Section 10, to the Ohio Constitution and Amendments V and XIV to the United States Constitution.

IV.    The panel's complete failure to comply with Crim.R. 11 required vacatur of appellant Hunt's guilty plea to capital murder, with specifications.

V.     Appellant Hunt's guilty plea to aggravated robbery with a firearm specification was not knowing, intelligent, and voluntary, as required by Article I, Section 10, to the Ohio Constitution and Amendments V and XIV to the United States Constitution.

VI.    The trial court's complete failure to comply with Crim.R. 11, when accepting appellant's Hunt's guilty plea to aggravated robbery, with a firearm specification,  requires vacatur of his plea and sentence.

VII.   Appellant Hunt's guilty plea to aggravated burglary was not knowing, intelligent, and voluntary as required by Article I, Section 10 to the Ohio

Constitution and Amendments V and XIV to the United States Constitution.

VIII. The trial court's complete failure to comply with Crim.R. 11 when accepting appellant Hunt's guilty plea to aggravated burglary, requires vacatur of his plea and sentence.

IX. The trial court fatally erred and deprived appellant Hunt due process of law, by rejecting his unopposed App.R. 9(C) statement, and submitting a record which lacks an intelligent basis in fact.

## II. Accepting a Guilty Plea

### A. Standard of Review

{¶7} "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is de novo. It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C). *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977)." *State v. Maddox*, 8th Dist. Cuyahoga Nos. 106505 and 106506, 2018-Ohio-3056, ¶ 8.

### B. Law and Analysis

{¶8} In Hunt's first assignment of error, he argues that the three-judge panel erred, under *State v. Green*, 81 Ohio St.3d 100, 689 N.E.2d 556 (1998), by accepting his guilty plea to capital murder, with specifications, absent requiring evidence, testimony, and witnesses establishing appellant Hunt's guilt beyond a reasonable doubt, and by further failing to enter a journal entry reflecting *Green* compliance.

> [W]e hold that when a defendant pleads guilty to aggravated murder in a capital case, a three-judge panel is required to examine witnesses and to hear any other evidence properly presented by the prosecution in order to make a Crim.R. 11 determination as to the guilt of the defendant. Following the presentation of evidence, pursuant to R.C. 2945.06, a three-judge panel must unanimously determine whether the defendant is guilty beyond a reasonable doubt of

aggravated murder or of a lesser offense. This finding of guilt must be properly journalized to constitute a valid conviction.

*Id.*

{¶9} According to the statement of record Hunt submitted to the court under App.R. 9(C), he was fully advised of his constitutional rights. Hunt was asked by the panel if he had anything else to say, and he responded that he had nothing to offer other than what he already said. The journal entry reflects this as well. Hunt does not give any facts or information as to how the panel erred. He does not demonstrate through his statement of record that the panel did not fully comply with *Green* or Crim.R. 11. "[A]bsent a transcript or alternative record, we must presume regularity in the proceedings below. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384." *State v. Ali*, 8th Dist. Cuyahoga No. 97612, 2012-Ohio-2510, ¶ 6.

{¶10} In addition, Hunt's reliance on *Green* is misplaced. He was sentenced before the standard in *Green* was required. Hunt pleaded guilty and was sentenced for capital murder in 1994. The trial court complied with the law at that time. Similarly to Hunt, in *State v. Burrage*, 8th Dist. Cuyahoga No. 63824, 1993 Ohio App. LEXIS 4849 (Oct. 7, 1993), the "[a]ppellant complains that his plea of guilty should not have been accepted by the three-judge panel. He relies on R.C. 2945.06 and Crim.R. 11(C) and asserts that the court should have examined witnesses and taken separate pleas to each specification." The court in *Burrage* found that "the trial court substantially complied with the statutory and rule requirements." *Id*.

{¶11} Additionally, the *Burrage* court provided the standard for which the trial court needed to follow to accept a guilty plea in a capital case. The court continued, stating,

> In accepting a guilty plea, substantial compliance with Crim.R. 11 is required. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v.*

*Strawther*, 56 Ohio St.2d 298, 300, 383 N.E.2d 900 (1978); *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163 (1977). Substantial compliance with Crim.R. 11(C) is determined upon a review of the totality of the circumstances to determine that no prejudice has resulted to the defendant. *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979); *State v. Flint*, 36 Ohio App.3d 4, 7, 520 N.E.2d 580 (1986); *State v. Rainey*, 3 Ohio App.3d 441, 442, 446 N.E.2d 188 (1982); *State v. Calvillo*, 76 Ohio App.3d 714, 719, 603 N.E.2d 325 (1991); *State v. Gibson*, 34 Ohio App.3d 146, 147, 517 N.E.2d 990 (1986); *State v. Rogers*, 8th Dist., Cuyahoga No. 51692   (Mar. 5, 1987), unreported.

Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * [A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect.

*State v. Nero*, *supra*, at 108 (citations omitted).

{¶12} The *Burrage* court continued, providing the parameters regrading adherence to

R.C. 2945.06 by the trial court.

Furthermore, although R.C. 2945.06 indicates that the court is to conduct an examination of witnesses to determine whether the accused is guilty of aggravated murder.

If the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly.

Crim.R. 11 (C)(3) in comparison states:

If the indictment contains one or more specifications which are not dismissed upon acceptance of a plea of guilty or no contest to the charge, or if pleas of guilty or no contest to both the charge and one or more specifications are accepted, a court composed of three judges shall; (1) determine whether the offense was aggravated murder or a lesser offense; and (b) if the offense is determined to have been aggravated murder, proceed as provided by law to determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances, and impose sentence accordingly.

Crim.R. 11 does not require the court to examine witnesses; it only requires the court to determine whether the offense was aggravated murder or a lesser offense. *State v. Muenick*, 26 Ohio App.3d 3, 4, 498 N.E.2d 171 (1985). The record

clearly indicates that this determination was made at defendant's guilty plea hearing:

> The record should further indicate the [c]ourt finds there's a factual basis for the plea. (Tr. 15.)

> Section 5(B), Article IV of the Ohio Constitution provides that "the Supreme Court shall prescribe rules governing practice and procedure in all courts of the [s]tate. * * * All laws in conflict with such rules shall be of no further force or effect." Since the procedure to be followed according to R.C. 2945.06 is inconsistent with the procedure to be followed in [Crim.R.] 11(C)(3), a conflict exists, and to the extent that R.C. 2945.06 conflicts with Crim.R. 11(C), it is no longer effective. *In re Coy*, 67 Ohio St.3d 215, 219, 616 N.E.2d 1105 (1993); *Rocky v. 84 Lumber Co.*, 66 Ohio St.3d 221, 224, 611 N.E.2d 789 (1993); *State v. Greer*, 39 Ohio St.3d 236, 245-246, 530 N.E.2d 382 (1988). As Crim.R. 11 was complied with, we find no error.

> Generally, a reviewing court shall not find reversible error for a trial court's failure to follow the procedures under Crim.R. 11(C) where the trial court substantially complies with those procedures * * *.

> Here, the trial court substantially complied with all of the requirements under Crim.R. 11(C). Further, the defendant cannot demonstrate any prejudice from the trial court's failure to require separate pleas to the aggravated murder specifications. *State v. Korp*, 8th Dist. Cuyahoga No. 56132 (Nov. 2, 1989), unreported, at 7.

*Id*.

**{¶13}** In addition, the *Burrage* case law states nothing about failing to enter a journal entry reflecting *Green's* compliance because *Green* had not been decided yet. Hunt cannot rely on the trial court to comply with a law not yet created at the time of his sentencing. We agree that *Green* overruled *Burrage*. However, Hunt cannot retroactively apply *Green* to his case. Therefore, Hunt's first assignment of error is overruled.

**{¶14}** In Hunt's third, fourth, fifth, sixth, seventh, and eighth assignments or error he argues that the trial court did not comply with Article I, Section 10, to the Ohio Constitution and Amendments V and XIV to the United States Constitution or Crim.R. 11 when accepting his

guilty pleas. For the above-stated reasons, we overrule these assignments of error as well.

{¶15} In Hunt's statement of record, he states that he was fully advised of his constitutional rights, was represented by counsel, and pleaded guilty to all charges. Hunt does not demonstrate where or how the trial court erred. He simply states that it erred without giving any facts to support that conclusion. Without a record, it is impossible for us to conclude that the trial court erred in any way. We, as "a reviewing court indulges in a presumption of regularity of the proceedings below. *Hartt v. Munobe*, 67 Ohio St.3d 3, 7, 615 N.E.2d 617; *State v. Marcus*, Cuyahoga No. 79768, 2002-Ohio-970." *State v. Payne*, 8th Dist. Cuyahoga No. 86367, 2006-Ohio-2085, ¶ 8. "Without the filing of a transcript, an appellate court presumes regularity in the proceedings and accepts the factual findings of the trial court as true. *Bailey v. Bailey*, 8th Dist. Cuyahoga No. 98173, 2012-Ohio-5073 ¶ 8, citing *Snider v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-965, 2012-Ohio-1665, ¶ 8." *Henderson-Austin v. Akili*, 8th Dist. Cuyahoga No. 106307, 2018-Ohio-2518, ¶ 5.

## III. Sufficiency of the Evidence

{¶16} In Hunt's second assignment of error, he argues that insufficient evidence exists to sustain his conviction for capital murder, with specification.

> The test for sufficiency requires a determination whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

*State v. Lester*, 8th Dist. Cuyahoga No. 105992, 2018-Ohio-3041, ¶ 12.

{¶17} Hunt contends that the panel failed to require the state to produce evidence establishing Hunt's guilt of capital murder. Again, Hunt merely states a conclusion without

providing any facts or evidence of the conclusion.   He does not demonstrate that the panel erred.

His own statement of record does not provide any facts other than just a recitation of the journalized entry.   "'[I]n the absence of documents demonstrating the error complained of, we must presume regularity in the proceedings.'"   *State v. Goines*, 8th Dist. Cuyahoga No. 105436, 2017-Ohio-8172, ¶ 30, quoting *Brandimarte v. Packard*, 8th Dist. Cuyahoga No. 67872, 1995 Ohio App. LEXIS 2095, 3 (May 18, 1995).   *State v. Greene*, 8th Dist. Cuyahoga No. 106028, 2018-Ohio-1965, ¶ 56.   Therefore, Hunt's second assignment of error is overruled.

## IV.    Statement of the Record

{¶18} In Hunt's ninth assignment of error, he argues that the trial court fatally erred and deprived him due process of law, by rejecting his unopposed App.R. 9(C) statement, and submitting a record that lacks an intelligent basis in fact.

> "Approval as contemplated by Appellate Rule 9(C) means that, whether or not settlement is required, the trial court must determine the accuracy and truthfulness of a proposed statement of evidence or proceedings and then approve it. Independent of any agreement or disagreement between the parties, the trial court has the responsibility, duty, and authority under Appellate Rule 9(C) to delete, add or otherwise modify portions of a proposed statement of the evidence or proceedings so that it conforms to the truth and is accurate before it is approved."
> *Aurora v. Belinger*, 180 Ohio App.3d 178, 2008-Ohio-6772, 904 N.E.2d 916, ¶ 35 (11th Dist.), citing *Joiner v. Illuminating Co.*, 55 Ohio App.2d 187, 380 N.E.2d 361, (8th Dist.1978), syllabus.

*State v. Getzinger*, 3d Dist. Henry No. 7-12-06, 2013-Ohio-2146, ¶ 20.

{¶19} The trial court is permitted to reject Hunt's statement of record and provide corrections, which it did.   However, Hunt's statement of record lacks specific information to demonstrate the errors he assigned for this court to review.   We find that the trial court did not commit any errors and presume regularity in all the proceedings.   Therefore, we overrule Hunt's ninth assignment of error.

**{¶20}** Judgment affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MELODY J. STEWART, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY